**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOPHER LEE SIRMONS, JR., : | |
|     Petitioner, : | |
| : | No. 1:19-cv-1502 |
| v. : | |
| : | (Judge Kane) |
| COMMONWEALTH OF : | |
| PENNSYLVANIA, et al., : | |
|     Respondents : | |

**MEMORANDUM**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) filed by pro se Petitioner Christopher Lee Sirmons, Jr. ("Petitioner"), who is currently incarcerated at the State Correctional Institution Greene in Waynesburg, Pennsylvania ("SCI Greene"). Petitioner has also filed a motion for leave to proceed in forma pauperis. (Doc. No. 2.) For the following reasons, the Court will grant Petitioner leave to proceed in forma pauperis and summarily dismiss his § 2254 petition.

**I.  PROCEDURAL HISTORY**

On November 6, 2015, following a jury trial, Petitioner was found guilty of two (2) counts of aggravated assault, in violation of 18 Pa. Cons. Stat. § 2702, and two (2) counts of simple assault, in violation of 18 Pa. Cons. Stat. § 2701. See Commonwealth v. Sirmons, CP-14-CR-0001770-2014 (C.C.P. Centre Cty.).[1] On December 17, 2015, Petitioner was sentenced to a

---

[1] In addition to the § 2254 petition, the Court utilized the Unified Judicial System of Pennsylvania Web Portal to review the docket of the criminal case filed against Petitioner in the Court of Common Pleas for Centre County. See Docket, Commonwealth v. Sirmons, No. CP-14-CR-0001770-2014, available at https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-14-CR-0001770-2014&dnh=6l5EqBEUAC%2fCu0li6AIkyA%3d%3d (last accessed August 30, 2019). A district court may take judicial notice of state court records, as well as its own. See Minney v. Winstead, No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); see also Reynolds v. Ellingsworth, 843 F.2d 712, 714 n.1 (3d Cir. 1988).

minimum of two (2) years and a maximum of four (4) years for each count to run consecutively. See id. The trial court ordered that Petitioner's aggregate sentence run consecutively to the sentence Petitioner was then serving. See id. After the trial court denied Petitioner's post-sentence motions, Petitioner filed a notice of appeal to the Superior Court of Pennsylvania. See id.; see also Commonwealth v. Sirmons, 261 MDA 2016 (Pa. Super. Ct.). On appeal, Petitioner raised one issue: whether the trial court "erroneously refuse[d] to give [Petitioner's] requested point for charge number 16, an expanded definition of 'impairment of physical condition or substantial pain.'" See Commonwealth v. Sirmons, No. 261 MDA 2016, 2016 WL 5884805, at *2 (Pa. Super. Ct. Sept. 9, 2016). On September 9, 2016, the Superior Court of Pennsylvania affirmed Petitioner's judgment of sentence. See id. Petitioner did not seek leave to appeal to the Supreme Court of Pennsylvania.

On August 29, 2016, Petitioner filed a Post Conviction Relief Act ("PCRA") petition with the Court of Common Pleas for Centre County. See Sirmons, CP-14-CR-0001770-2014. Counsel was appointed, and on January 6, 2017, the PCRA court directed counsel to file an amended PCRA petition. See id. Petitioner filed a pro se amended PCRA petition on August 14, 2017. See id. On July 30, 2018, counsel requested leave to withdraw from representation as well as a Turner/Finley[2] "no merit" brief. See id. On August 13, 2018, the PCRA court granted counsel's motion to withdraw and informed Petitioner of its intent to dismiss his PCRA petition. See id. On August 20, 2018, Petitioner filed a brief in response to the PCRA court's notice of intent to dismiss. See id. On September 21, 2018, the PCRA court dismissed Petitioner's PCRA petition. See id. Petitioner did not appeal this decision to the Superior Court of Pennsylvania.

---

[2] See Pennsylvania v. Finley, 481 U.S. 551 (1987); Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988).

On April 10, 2019, Petitioner filed a petition for a writ of habeas corpus pursuant to § 2254 with this Court. See Sirmons v. Gilmore, No. 1:19-cv-625, 2019 WL 3942973, at *1 (M.D. Pa. Aug. 21, 2019). In that petition, Petitioner raised the following grounds for relief:

1. Constitutional protection of the Sixth, Eighth, and Thirteenth Amendment[s]. PA. Rule 513(B), PA. Rule 544(B), PA Rule 551, PA Rule 120, PA Rule 132;

2. Constitutional protection of the Fourteenth, and Seventh, and Nin[]th, and Eleventh Amendment[s]. PA Rule 542(D)(E), PA rule 508(A)(1), PA Rule 3733, PA Rule 132(A3)(B)(C), PA Rule 117;

3. Constitutional protection of the Amendments (18 PA. C.S. Section 9183); and

4. Sufficiency of the evidence.

See id. at 2 (internal citations omitted). On August 21, 2019, the Court dismissed Petitioner's petition as unexhausted and procedurally defaulted. See id. at 3-5.

On August 28, 2019, the Court received the instant § 2254 petition from Petitioner. In this petition, Petitioner again challenges his judgment of conviction from Centre County and raises the following claims for relief:

1. Following criminal prosec[u]tion. Constitutional protections of the [Fifth]. [Fourteenth], Seventh, Nin[]th, and Eleventh Amendment[s]. PA. Rule 542(1)(e), PA Rule 508(4)(1), PA Rule 513(B), PA Rule 3733 (Doc. No. 1 at 4);

2. The county and state no longer have jurisdiction over the case, only federal. Constitutional protections of the Sixth, the Eighth, and Thirteenth Amendment[s]. Following criminal prosec[u]tion. PA R 544(B), PA R 551, PA R 120, PA Rule Crim P. 132 (id. at 5.);

3. The county and state no longer have jurisdiction over the case, only federal. Constitutional protection of the Amendments. PA Rule Crim P. 117(A) and 18 PA. C.S. Section 9183) (id. at 7); and

4. Commonwealth v. Marti, 779 A.2d 1177, 1181 (Pa. Super. 2001); Commonwealth v. Wertelet, 696 A.2d 206, 210-13 (Pa. Super. 1997); Commonwealth v. Kirkwood, 520 A.2d 451 (Pa. Super. 1987) (id. at 8).

Petitioner's § 2254 petition has not been served upon Respondent. The Court now considers the § 2254 petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).

## II. DISCUSSION

Section 2254 allows a district court to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). Relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the petitioner. See id. § 2254(b)(1). Moreover, an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the petitioner to exhaust available remedies in the State courts. See id. § 2254(b)(2). In other words, a petition for a writ of habeas corpus must meet exacting substantive and procedural standards in order for a petitioner to obtain relief. See id.

With respect to habeas petitions filed by state prisoners pursuant to § 2254, Congress has restricted the availability of second and successive petitions pursuant to 28 U.S.C. § 2244(b), which provides, in pertinent part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b). The gatekeeping responsibilities of the courts of appeals set forth in § 2244(b)(3)(A) have essentially divested district courts of subject matter jurisdiction over habeas petitions that are second or successive within the meaning of that subsection. See, e.g., Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002) ("From the district court's perspective, [Section 2244(b)(3)(A)] is an allocation of subject-matter jurisdiction to the court of appeals."). Thus, if a prisoner asserts a claim that he previously presented in a federal habeas petition, it must be dismissed in all cases. See 28 U.S.C. § 2244(b)(1). Moreover, if the prisoner asserts a claim that he could have raised in a previous petition, the claim must be dismissed by the court of appeals unless it falls within one of two narrow exceptions: (1) claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict, see id. § 2244(b)(2)(B), or (2) claims relying on new rules of constitutional law, see id. § 2244(b)(2)(A). "However, even if a habeas petitioner's second or successive petition falls within either of these categories, he may not simply come to the District Court and file his second or successive petition, rather he must seek leave of the Court of Appeals to do so." Louder v. Coleman, No. 09-1124, 2009 WL 4893193, at *3 (W.D. Pa. Dec. 10, 2009). Thus, the petitioner must, in the first instance, convince "the Court of Appeals that his second or successive petition falls within the narrow

exception permitted by the AEDPA and have the Court of Appeals grant him leave to file such a second or successive petition." See id.; see also 28 U.S.C. § 2244(b)(3)(A).

A review of the instant § 2254 petition reveals that Petitioner's challenges are to the very same state court judgment Petitioner sought relief from in his previously-filed § 2254 petition in this Court. Because the claims he now asserts were previously raised, or could have been raised, in Petitioner's initial § 2254 petition, and do not fall within any of the statutory exceptions outlined above, the instant petition is a second or successive § 2254 petition over which this Court lacks subject-matter jurisdiction in the absence of pre-authorization by the United States Court of Appeals for the Third Circuit. See id. § 2244(b); Benchoff v. Colleran, 404 F.3d 812, 815-17 (3d Cir. 2005); Louder, 2009 WL 4893193, at *3 (concluding that dismissal of the petitioner's § 2254 petition without serving it upon the respondents was proper because it was a second or successive petition and the petitioner had not demonstrated that he had obtained permission from the court of appeals to file it). In the instant case, there is no indication that the Third Circuit granted Petitioner leave to file a second or successive § 2254 petition. Accordingly, the instant § 2254 petition must be summarily dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(2).

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated pursuant to 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented

are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In the case at bar, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, the Court will not issue a COA in this case.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Petitioner's motion for leave to proceed in forma pauperis (Doc. No. 2) and dismiss his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(2). This dismissal will be without prejudice to Petitioner's right to seek pre-authorization to file a second or successive petition from the Third Circuit under 28 U.S.C. § 2244(b)(3). A COA will not issue. An appropriate Order follows.